142 F.3d 442
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard ALLEN; Ruth J. Allen, aka Ruth Jean Allen, aka Ruth
Allen, Plaintiffs-Appellants,
v.
GREAT AMERICAN INSURANCE COMPANY, a corporation; American
National Fire Insurance Company, a corporation;
Hartford Accident & Indemnity Company, a
corporation, Defendants-Appellees.
 No. 97-15816.
DC No. CV-95-03615-WHO.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted, April 17, 1998.
Decided April 27, 1998.
 
 1
 Appeal from the United States District Court for the Northern District of California, William H. Orrick, Jr., District Judge, Presiding.
 
 
 2
 Before SNEED and TROTT, Circuit Judges, and WALLACH,** Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Richard and Ruth J. Allen ("the Allens") appeal from the judgment of the district court, entered after a jury verdict, in favor of Great American Insurance Co. ("Great American") in the Allens' suit for: (1) breach of insurance contract; and (2) tortious bad faith. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 
 5
 The Allens contend that they are entitled to a new trial because there is insufficient evidence (1) that they failed to perform conditions precedent to recovery under the policies, and (2) that Great American suffered substantial prejudice from any breach. We disagree.
 
 
 6
 It is true that under California law, an insurer may assert a valid defense based on the insureds' breach of the policy's cooperation clause if the insurer demonstrates that it was substantially prejudiced. See Clemmer v. Hartford Ins. Co., 22 Cal.3d 865, 151 Cal.Rptr. 285, 587 P.2d 1098, 1106-07 (Cal.1978) (en banc). During the trial below, however, the Allens did not proffer jury instructions on the issue of conditions precedent to recovery and Great American's burden of showing substantial prejudice. Moreover, the Allens did not object to the district court's failure to instruct the jury on these issues. See Grosvenor Properties Ltd. v. Southmark Corp., 896 F.2d 1149, 1152-53 (9th Cir.1990) (under Fed.R.Civ.P. 51, party waives right to assign as error the failure to give an instruction unless that party objects before jury retires).
 
 
 7
 The Allens' failure to object to the district court's omission of the above-mentioned jury instructions was exacerbated by their failure to object to the special verdict form.[1] By failing to object to the special verdict before the jury retired, the Allens waived a jury determination of the issues for which they now complain on appeal. See Fed.R.Civ.P. 49(a) (party waives right to trial by jury of issues omitted by special verdict form unless, before the jury retires, the party demands its submission to the jury). The Allens attempt to recast their jury instruction and special verdict arguments as a sufficiency of the evidence argument. We conclude that the Allens waived these issues below and are precluded from raising them on appeal under the guise of insufficiency of the evidence.
 
 
 8
 AFFIRMED.
 
 
 
 **
 Honorable Evan J. Wallach, Judge of the United States Court of International Trade, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The special verdict form was worded in such a way that the jury first had to find that the Allens "performed under the contract" before they could consider the issue of whether Great American breached either its duty to defend or its duty of good faith and fair dealing. Moreover, the special verdict form did not ask the jury to determine whether performance was a condition precedent to recovery or whether Great American suffered substantial prejudice from the Allens' breach. Thus, by finding that the Allens had not "performed under the contract," the jury ended its deliberations and signed the verdict